FILED
APR - 4 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT for the
NORTHERN DISTRICT of CALIFORNIA

CASE # CV08-01130 CW

RONALD SHAFFER,
   plaintiff

vs.

M.R.RAMOS, B.CURRY
J.RIVERO, R.RIES
DEFENDANTS

MOTION FOR PRETRIAL DISCOVERY PURSUANT TO EVIDENCE CODE SECTIONS 1043 & 1046; DECLARATION: POINTS & authorities

TO; California department of corrections, counsel for the agency and to the clerk of the U.S. District court of the Northern District of California:

   PLEASE TAKE NOTICE that at the time and date 4/11/08 at 8:00 am set forth by the plaintiff, Ronald Shaffer, by and through the Clerk of the Court, U.S. Distict court Northern District, will move the court for an order requiring the to disclose C.D.C.R personnel records for Correctional Lt.J.RIVERO, Warden Ben CURRY, and Correctional officers M.R.RAMOS and R.RIES, as well as financial reports, and histories of false statements, reports or destruction of evidence.

   This motion is based on the attached points and authorities, CDCR-RVR's, attached hereto as Exhibit A; and the declaration of the plaintiff, and any documentary evidence presented, and the argument of counsel.

DATE 4/3/08

RESPECTFULLY SUBMITTED,

RONALD SHAFFER,
   PLAINTIFF.

## POINTS, AUTHORITIES, AND ARGUMENT

In 1978, the California Legislature codifies the privileges and discovery procedures comprising so-called *Pitchess* motions by enacting Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 through 1045. (*City of San Jose v. Superior Court* (1993) 5 Cal.4th 47, 50-51; *City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 81; Stats. 1978, ch. 630, p. 2081.) (In *Pitchess*, the court held that a criminal defendant's fundamental right to a fair trial entitles a defendant, who is asserting self-defense to a charge of battery on the police officer who arrested him, to discovery of police personnel records. (11 Cal.3d at pp. 535-538.)

The Penal Code provisions define "personnel records" (Penal Code section 832.8) and provide that such records are "confidential" and subject to discovery only pursuant to the procedures set forth in the Evidence Code (Penal Code section 832.7). (*City of Santa Cruz, supra,* 49 Cal.3d at pp. 81-82.)

Evidence Code sections 1043 and 1045 detail the discovery procedures. (*City of Santa Cruz, supra,* 49 Cal.3d at p. 82.) Section 1043 requires a written motion of the court upon written notice to the government agency which has custody of the record sought, supported by an affidavit showing good cause for the discovery including "the materiality [of the discovery sought] to the subject matter involved in the pending litigation. (Evidence Code section 1043(b)(3).) Once good cause for discovery has been established, section Evidence Code section 1045 requires the court to examine the information in camera to determine its relevance to the case at issue; as part of this in camera process, the court must exclude from disclosure certain categories of information, including complaints more than five years old, the conclusions of any officer investigating a complaint, and facts that are so remote as to make disclosure of little or no practical benefit. (*City of Santa Cruz, supra,* 49 Cal.3d at p. 83; *People v. Memro* (1985) 38 Cal.3d 658; 679; *People v. Superior Court (Gremminger)* (1997) 58 Cal.App.4th 97, 403.) Evidence Code section 1045 also establishes general criteria to guide the court's determination and insure that the privacy interests of the officers subject to the motion are protected. (*City of Santa Cruz, supra.*)

"The statutory scheme thus carefully balances two directly conflicting interests: the peace officer's just claim to confidentiality, and the criminal defendant's equally compelling interest in all

3

information pertinent to his defense." (*City of Santa Cruz, supra*, 49 Cal.3d at p. 84; see also *People v. Superior Court (Gremminger), supra*, 58 Cal.App.4th at pp. 403-404.) The "relatively relaxed standards" for showing good cause are offset by the protective provisions for in camera review. (*City of Santa Cruz* (1989) 49 Cal.3d 74, 84.)

"It is significant that [sections 1043 and 1045] do not limit discovery of [peace officer personnel] records to cases involving altercations between police officers and arrestees, the context in which *Pitchess* arose." (*Memro, supra*, 38 Cal.3d at p. 679.)

*Pitchess* discovery motions are not limited solely to issues of officer violence. In *People v. Memro* (1985) 38 Cal.3d 658, the Supreme Court explained that the statutes governing discovery motions "do not limit discovery of such records to cases involving altercations between police officer and arrestees, the context in which *Pitchess* arose." (*Memro, supra*, 38 Cal.3d at p. 679.) Indeed, the court also noted that "one legitimate goal of discovery is to obtain information 'for possible use to impeach or cross-examine an adverse witness... (*Foster v. Superior Court* (1980) 107 Cal.App.3d 218, 227.)" (*Id.* at p. 677.)

Likewise, other cases have held that *Pitchess* motions are proper for issues relating to credibility. (See *Larry E. v. Superior Court* (1987) 194 Cal.App.3d 25, 28-33 [motion seeking discovery of complaints for "aggressive behavior, violence or excessive force, improper police tactics, dishonest and racial or class prejudice" sufficient to require in camera review when minor alleged that he did not use force against the officer, that the officer lied about his actions and planted evidence, and the information was relevant to show the officer had a motive to lie and could potential bias which would affect the officer's credibility as a witness]; *Pierre C. v. Superior Court* (1984) 159 Cal.App.3d 1120, 1122-1123 [discovery motion for records pertaining to "racial prejudice, false arrest, illegal search and seizure, the fabrication of charges and/or evidence, dishonesty and improper tactics..." sufficient because the minor alleged a defense of false arrest and alleged that a substantial issue at trial "would be the character, habits, customs and credibility of the officers."].)

Also *Pitchess* motions may properly be brought to seek discovery of personnel files that reflect on the credibility and/or dishonesty of police officers. (*People v. Hustead* (1999) 74

19

1  Cal.App.4th 410.)

2  In *Hustead*, the defendant was convicted for a third strike, felony evasion of arrest. The
3  officer claimed he tried to stop the defendant for a traffic matter; the defendant sped off and a
4  reckless chase ensued. The defendant admitted the pursuit, but denied it was reckless. Prior to trial,
5  the defendant brought a *Pitchess* motion, seeking the officer's personnel files that might reflect acts
6  of dishonesty. The trial court's order denying an in camera was ultimately reversed on appeal.

7  The defendant counsel in *Hustead* asserted in his *Pitchess* declaration that the officer made
8  material misstatements with respect to his observations, including fabricating appellant's alleged
9  dangerous driving maneuvers. He also stated that appellant asserted that he did not drive in the
10 manner described by the report and that his driving route was different than that found in the report.
11 In addition, he claimed that a material and substantial issue in the trial would be the character, habits,
12 customs, and credibility of the officer. <u>These allegations were sufficient to establish a plausible</u>
13 <u>factual foundation for an allegation that the officer made false accusations in his report.</u> It
14 demonstrated that appellant's defense would be that he did not drive in the manner suggested by the
15 police report, and therefore, the charges against him were not justified.

16 Similarly, based on the declaration of counsel in this matter, the defense at trial will be that
17 the defendant did not take the wallet and that the police failed to preserve material evidence.

18 Dated ~~April 4, 2004~~.
   4/3/08
19                         Respectfully submitted,

                           Ronald Shaffer
                           Plaintiff

DECLARATION of Ronald Shaffer

I, Ronald Shaffer, hereby declare as follows:

1) I am the plaintiff in this case;

2) I reside at C.T.F. soledad state prison, NOSB 350L, and have reveiwed the CDCR-RVR's.

3) Based on the information and beleif, all parties(defendants) violated Mr.Shaffers constitutional rights, and made false statements in RVR'S# VII-08-07-055 &VII-08-07-011.

Mr. Shaffer was punished in actuallity for signing up for workers compensation, after receiving an on the job injury, which he was ordered to do by c/o M.R. RAMOS, Mr.Shaffer complained to the correctional officer he had a previous injury and what was asked of him would reinjure him. Mr.Shaffer was hurt and then forced to wait for medical attention. C/O MR RAMOS was then instructed to write up Mr.Shaffer by Lt. J rivero.

Mr.Shaffer was origanally injured in a car accident in "95, HE reported to work and did have medical limitations set forth by medical, he was reinjured then made to suffer not only in pain having to go to medical on his own about an hour after beéng injured, but discriminated for filing for workes compensation.

Mr. Shaffer was also disciplined for having "tobbacco" which was never presented, photographed, or even seen. C/O R.RIES was ordered by Lt.J.RIVERO to write Mr.SHAFFER up, yet the officers took all my personall and legal proprty in an effort to once more violate Mr.Shaffer's rights.

Lt. J.rivero proceeded to tell C/O R.RIES that they would "jack" Shaffers points up to just get rid of him. Knowing this is unethical, C/o R.RIES complied with these orders.

1  Mr.Shaffer even went as far as to write two (2) letters to
2  the Warden Ben Curry,asking for intervention.these letters were
3  ignored and eventually sent back to the plaintiff.After that the
4  plaintiff the sent the same letters to the Inspector General,Who
5  returned correspondence stating"they were looking into things &
6  if Mr.Shaffer thought HE still neede help he could write the
7  internal affairs department.
8      Mr.Shaffer was in essence punished for getting hurt at work
9  and filing for workers compensation a violation of the penal code
10 and labor law.With such punishment came being placed on a violent
11 yard in which his points dont read,had his LEGAL documents taken
12 and held for over 72 hours denying him of his ability to do
13 legal work,and constant harrasment and lack of medical care.
14     Mr.Shaffer has done every thing in his power to comply with
15 rules and receive proper medical care for his injuy.Mr.Shaffer has
16 a peice of bone "jutting" from his left shoulder,and suffers from
17 pain on a daily basis.
18 4) It is my beleif,based on the foregoing,that a material & subst
19 antial issue in the aforementioned matter will be the character
20 habits,customs,and credibility of the officers R.RIES,M.R.RAMOS,
21 Lt.J.rivero,and the warden B.CUrry.with respects to their
22 carreer positions in the department of corrections.
23 5)I am aware the department of corrections keeps personnel record
24 of complaints received by others concerning officers and staff,
25 and that these records contain information that may lead to
26 information that reflects on the character,habits,customs,and
27 credibility of the individuals involved;
28 6)Therefore I am requesting the names,addresses of any witnesses

1  and any relevant CDC reports concerning any complaints that may
2  reflect on the credibility of the individuals involved and
3  named above in this matter, including any and all reports that
4  may concern any suspected crimes, history of arrests, use of undue
5  force, and reports of their destruction of evidence or filing of
6  false reports, all relating to each of them individually as well a
7  as collectivelly.

                                                SUBMITTED RESPECTIVLY,

DATED 4/3/08

                                                RONALD SHAFFER,
                                                     PLAINTIFF.

# EXHIBIT A

*handwritten annotations at top: 11-5-07, 10-21-35, 10-24-07*

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region
1. _____
2. _____

Log No.
1. _____
2. _____

Category: **1 – 10**

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

**NAME:** Shaffer, R
**NUMBER:** F00643
**ASSIGNMENT:** n/a
**UNIT/ROOM NUMBER:** _____

**A. Describe Problem:** The Constitution of Calif. Art. I § 31(a) states, "The state shall not discriminate against or grant preferential treatment to any individual." § 31(f) "For purpose of this section, 'state' shall include, but not be limited to, the state itself, any city, county, city + county." § 31(g) "The remedies available for violations of this section shall be the same, regardless of the injured parties, race, sex, color, ethnicity, or national origin, as are otherwise available for violations of then-existing Calif. antidiscrimination law."
On 7/19/07, I was hurt at work on outside work crew #4. While emptying trash cans full of dirt, leaves and debris, from a Trailer Jail, into a 14'-16' trash container. My shoulder which was ... 

See attached →

**B. Action Requested:** All 115's to be removed, any and all harassment to cease, and adequate medical care for my injury.

**Inmate/Parolee Signature:** _(signed)_   **Date Submitted:** 10-15-07

**C. INFORMAL LEVEL** (Date Received: _____)

Staff Response: _____

Staff Signature: _____  Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____  Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

*Stamps:* RECEIVED NOV 5 2007 CTF APPEALS; RECEIVED OCT 24 2007 CTF APPEALS

Originally injured in a car crash in 1995, I pulled a muscle and re-seperated my shoulder. After complaining of my injury to C/O Ramos, my supervisor, I was told if I was lying I would receive a CDC-RUR 115, and made to wait until our job was over to seek medical attention. About an hour later, I reported to my dorm officer, C/O Heystee, to get a pass to medical to confirm my injury (see medical file).

On 8/2/07 I reported to work, to give my supervisor, C/O Ramos, my lay-in. After complaining of pain, I was ordered to go against my medical limitations (see attached) I refused because of pain I was feeling. I was written up. (See RUR log# VII-08-07-011) I was discriminated against my disability; my left shoulder injury, it appears C/O Ramos disregards my safety and Federal guidlines. Wherein for the record, RUR log# VII-08-07-011 proves my position as stated that discrimination against my disability has been initiated and pending.

On 8/27/07 while fighting my RUR dated 8/2/07, LT. Rivero put me in a holding cage because I explained the time restraints on the aforementioned RUR. He then ordered C/O Ries to take all my personal property and legal work, leaving me with nothing but an issue of clothing. LT. Rivero then stated to C/O Ries, "We'll just 'jack' up his points to get rid of Shuffer." Issuing me RUR log# VII-08-07-055, under the premise of finding tobacco in my locker and my mat. I quit smoking (See C-file for 128 and retirement of last smoking violation) No due process, No progressive discipline (as per Kanes memo), No evidence C/O Ries supposedly flushed the evidence, but yet stated he was called "Code 3" that night, and C/O Ries never left a CTF property/contraband receipt for anything taken from my locker.

Reprisals were initiated 8/27/07 by C/O Ries and LT. Rivero, because of my Workers Comp issue related to RUR log# VII-08-07-011, by overstepping CDC's own rules, violating my due process, with punishment before having being issued RUR log# VII-08-07-055, and my appeal of RUR log# VII-08-07-011, thus violating my 8th amendment right. See Scher v. Engelke, 943 F.2d 921 (8th Cir 1991).

"In order to establish an 8th amendment violation after incarceration, a prisoner must establish the unnecessary and wanton infliction of pain, mental or physical." In answer to my appeal and filing of workers comp. for my injury and medical restrictions from extra duty, C/O Ries under LT. Rivero's orders took my property, and claimed to find Tobacco to cover this reprisal.

804 & COPY TO RECORDS ON: _____ BY: _____ [ ] CCCMS [ ] EOP [XXX] NMHP

STATE OF CALIFORNIA | DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

TABE SCORE: _____

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST | HOUSING | LOG NO. |
|---|---|---|---|---|---|
| F-00693 | SHAFFER | | CTF-SOU | D5-77U | VII-08-07-011 |

| VIOLATED RULE NO(S) | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR§ 3040 | REFUSED TO WORK | South Facility D 7 | 8-2-07 | 0900 |

**CIRCUMSTANCES**

On 8-2-07 at approximately 0900 hours, while getting crew four (4) ready to work, I called Inmate SHAFFER, F-00693, D7-15L, and instructed him to get a plastic bag and pick up papers. I/M SHAFFER is on limited (Light Duty) with a Medical Chrono for 22 days. The rest of the crew was already working with shovel and hula hoes. I/M SHAFFER said, " I am not going to do it." I asked him if he was refusing to work. SHAFFER said, "Yes, I am refusing to work." I immediately called my supervisor Sergeant J. Farina and had I/M SHAFFER transported back to South Facility. I/M SHAFFER showed up at the Farm gate later that day and presented me with a lay-in he had just received from the Medical Department.

Inmate SHAFFER is not a mental health patient/participant at any level of care, and did not exhibit behavior that was bizarre, unusual, or uncharacteristic at the time of the events documented in this Rules Violation Report. Inmate SHAFFER reading level is not to be below the TABE 4.0 Reading Level.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| M. R. RAMOS, Correctional Officer | | WORK CREW #4 | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| , Correctional Sergeant | | DATE _____ LOC. _____ |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | | | , Correctional Lieutenant | ☐ HO ☐ SHO ☐ S ☐ FC |

**COPIES GIVEN TO INMATE BEFORE HEARING**

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF SIGNATURE) | DATE | TIME |

**HEARING:**
Inmate SHAFFER appeared for this hearing on 8-22-07, at approximately 1500 hours. Inmate SHAFFER is not a patient/participant in the Mental Health Service Delivery System at any level of care. Inmate SHAFFER did not present any unusual or bizarre behavior during this RVR hearing. No Staff Assistant was assigned, as the circumstances do not fall within criteria outlined per Title 15 §3315 (d)(2). Inmate SHAFFER's TABE score is unknown, this SHO had Inmate SHAFFER read the RVR aloud and he stated he understood, therefore established effective communication. No Investigative Employee was assigned, as the circumstances do not fall within criteria outlined per Title 15 §3315 (d)(1). Inmate SHAFFER's did not request staff or inmate witnesses at hearing. The purpose for the hearing was explained. Inmate SHAFFER acknowledges receiving copies more than 24 hours prior to the hearing, and stated his health is fine. I have read the charges to Inmate SHAFFER

**PLEA:** Inmate SHAFFER pled GUILTY W/EXPLANATION and stated: " I never refused to work, I just refused to work hurt."

**FINDING:** Inmate SHAFFER has been found "" GUILTY" OF REFUSED TO WORK, based upon information provided in the CDC-115 Rules Violation Report: On 8-2-07 at approximately 0900 hours, while getting crew four (4) ready to work, I called Inmate SHAFFER, F-00693, D7-15L, and instructed him to get a plastic bag and pick up papers. I/M SHAFFER is on limited (Light Duty) with a Medical Chrono for 22 days. The rest of the crew was already working with shovel and hula hoes. I/M SHAFFER said, " I am not going to do it." I asked him if he was refusing to work. SHAFFER said, "Yes, I am refusing to work." I immediately called my supervisor Sergeant J. Farina and had I/M SHAFFER transported back to South Facility. I/M SHAFFER showed up at the Farm gate later that day and presented me with a lay-in he had just received from the Medical Department.

**DISPOSITION:** Inmate SHAFFER was assessed 30 days credit forfeiture, which is consistent with a Division "F" Offense, CCR Title 15§3005(b). Inmate SHAFFER was assessed 40 hours of Extra Duty. I/M was advised he will receive a complete copy of the CDC-115 RVR upon final audit of the Chief Disciplinary Officer, I/M was advised of his right to appeal and the procedure for filing an appeal. I/M was advised he is eligible for application of credit restoration and the procedures for filing for the application for credit restoration. Inmate SHAFFER was Counseled and Reprimanded.

REFERRED TO ☐ CLASSIFICATION ☐ BPT / NAEA

| ACTION BY: TYPED NAME | SIGNATURE | DATE | TIME |
|---|---|---|---|
| J. RIVERO, LIEUTENANT | | 8/22/07 | 1500 |

| REVIEWED BY: TYPED NAME | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| R. POPE, Correctional Captain | | V. RASO, Associate Warden | |

| ☐ COPY OF CDC 115 GIVEN TO INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|

CDC 115 (7/88)    #

804 & COPY TO RECORDS ___: 8-31-07 BY: _____ [ ]CCCMS [ ] EOP [XXX] NIMHP

**STATE OF CALIFORNIA** — **DEPARTMENT OF CORRECTIONS**

# RULES VIOLATION REPORT       TABE SCORE: UNK

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST | HOUSING | LOG NO. |
|---|---|---|---|---|---|---|
| F-00693 | SHAFFER | | 9-13-09 | CTF-SOU | D5-77U | VII-08-07-055 |
| VIOLATED RULE NO(S) | | SPECIFIC ACTS | | LOCATION | DATE | TIME |
| CCR§ 3006(c)(18) | | POSSESSION OF TOBACCO | | DORM 5-77U | 8-27-07 | 1930 |

**CIRCUMSTANCES**

On August 27, 2007, at approximately 1930 hours, while I was assigned as a South Facility Yard Transport Officer I performed a locker search of your (Inmate SHAFFER, F-00693, D5-77U ) assigned bunk of Dorm 5-77 upper. During my search I found a small amount of tobacco leafs in your locker. I performed a search of your mattress by removing a wool blanket and a sheet that was tied in a knot around your mattress. After removing the sheet I noticed the mattress had a large hole in it. I inspected the hole and found a hand rolled cigarette and a small bag of tobacco just inside of the hole. It should be noted that I have personally counseled you before about smoking. The tobacco was flushed in the staff restroom.

Inmate SHAFFER is aware of this CDC-115 RVR and the specific charge. Inmate SHAFFER is not a mental health patient/participant at any level of care, and did not exhibit behavior that was bizarre, unusual, or uncharacteristic at the time of the events documented in this Rules Violation Report. Inmate SHAFFER reading level is not to be below the TABE 4.0 Reading Level.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ R. RIES, Correctional Officer | | 8/30/07 | YARD TRANSPORT | S/S |
| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
| ▶ J.P. ?, Correctional Sergeant | | 8-30-07 | DATE: n/a   LOC. | |
| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
| ☐ ADMINISTRATIVE ☑ SERIOUS | E-31-6 | 8/30/07 | ▶ ___, Correctional Lieutenant | ☐ HO ☑ SHO ☐ SC ☐ FC |

**COPIES GIVEN TO INMATE BEFORE HEARING**

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ | | DATE 8-31-07 | TIME 1000 | TITLE OF SUPPLEMENT n/a | | |
|---|---|---|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ n/a | | DATE | TIME | BY: (STAFF SIGNATURE) n/a | DATE | TIME |

**HEARING:**

Inmate SHAFFER appeared for this hearing on **9/1/07** at approximately **0851** hours. Inmate SHAFFER is not a patient/participant in the Mental Health Services at the CCCMS. Inmate SHAFFER did not present any unusual or bizarre behavior during this RVR hearing. No Staff Assistant was assigned as the circumstances do not fall within criteria outlined per Title 15 §3315 (d)(2). Inmate SHAFFER reading level is not below the TABE 4.0 Reading Level. No Investigative Employee was assigned as the circumstances do not fall within criteria outlined per Title 15 §3315 (d)(1). Inmate SHAFFER did not request staff or Inmate witnesses at hearing. The purpose for the hearing was explained. Inmate SHAFFER elected to waive the time constraint and proceed with the RVR 115 hearing and stated his health is good. I have read the charges to Inmate SHAFFER.
**PLEA:** Inmate SHAFFER pled **NOT GUILTY** and stated, "There was tobacco, there are witnesses in the dorm that can contest did not find anything, I was not given a receipt for anything."
**FINDING:** Inmate SHAFFER has been found **"GUILTY" OF POSSESSION OF TOBACCO** based upon the information contained in the CDC-115 Rules Violation Report.
**DISPOSITION:** Inmate SHAFFER was assessed **60** days credit forfeiture, which is consistent with a Division "E" Offense, CCR Title 15§3323 (h)(3). Inmate was advised he will receive a complete copy of the CDC-115 RVR upon final audit of the Chief Disciplinary Officer, I/M was advised of his right to appeal and the procedure for filing an appeal. Inmate was advised he is eligible for application of credit restoration and the procedures for filing for the application for credit restoration. Inmate SHAFFER is being referred to UCC for Program Review. Inmate SHAFFER was Counseled, Warned and Reprimanded.

| ACTION BY: TYPED NAME | | SIGNATURE | | DATE | TIME |
|---|---|---|---|---|---|
| ▶ E.D. PALMER, LIEUTENANT | | ▶ | | 9/1/07 | 0901 |
| REVIEWED BY: TYPED NAME | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| ▶ R. POPE, Correctional Captain | 9-6-07 | ▶ V. RASO, Associate Warden | | 9/7/07 | |
| ☐ COPY OF CDC 115 GIVEN TO INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ | | DATE 9/10/07 | TIME 1900 |

NAME AND NUMBER          CTF C/N/S    HOUSE-    CDC-128-C

Shaffer, Ronald
F00693

"PHYSICAL LIMITATIONS"

1. BASED ON THIS INDIVIDUAL'S:

     ___ acute *medical* condition
     X chronic *medical* condition
     ___ temporary disability
     ___ permanent disability (see 1845)
     ___ impacting placement
     yes ___ no ___

2. THE FOLLOWING ACTIVITY RESTRICTIONS ARE RECOMMENDED:

*movement/position*

- ___ no prolonged standing (not longer than ___ minutes every ___ minutes)
- ___ no prolonged sitting (not longer than ___ minutes every ___ minutes)
- X no climbing
- X no bending, stooping or twisting
- ___ no lifting over ___ pounds
- ___ no crawling
- ___ no prolonged walking (not more than ___ feet without resting)
- X no use of (R /(L)/ both) (arm (s))  Restrictions: _____
- ___ no weight bearing (R / L) leg
- ___ limited weight bearing (R / L) leg
- X other no squatting

*environment:*

- ___ may not work around heat
- ___ may not work around or use machinery
- ___ may not work at heights
- ___ may not work with hands in water
- ___ may not work outdoors
- ___ may not work in dusty areas
- ___ other _____

3. START DATE: 8/15/07

4. END DATE: 11/15/07      Duration: (approx) 3 month

5. AUTHORITY: J. Trent PA-C  CTF-Soledad, CA      8/15/07
            PHYSICIAN                       DATE

ORIG: C-FILE
COPY: UNIT SGT.
        INMATE
        CONTROL
        CCI
        ASSIGN. LT.
        CHIEF NURSE
        MEDICAL FILE
        CHRONO FILE

NAME: Shaffer          CDC# F00693          HOUSING: D5-777

NO. OF DAYS: 1   JOB: Outside Crew   EXPIRES ON: 7/26/07 AT 2400 HOURS
**CHECK IN AT HOSPITAL DESK:   SIGN_____ TIME:_____
**CHECK IN AT CONTROL:         SIGN_____ TIME:_____
**CHECK IN WITH WING OFFICER

Orig: Housing Officer
Copy: Work/Educ. Supervisor
      Clinic Lay In File

DIRECTIONS: To be RESTRICTED to Wing and Mess Hall. Lay In to be IMMEDIATELY REVOKED and/or CDC-115 issued if the above directions are abused. Innmate will use accrued "E" time for day. If none is available, you will be marked as absent until you return, and will not get good time credit.

_____ RN
MTA /SMTA / Physician signature

DATE: 7/19/07   LAY IN   CTF-592   (rev. 4/98)          MEDICAL-PSYCHIATRIC-DENTAL CDC-128-C

---

NAME: Shaffer          CDC# F00693          HOUSING: DORM 577up

NO. OF DAYS: 4   JOB:_____   EXPIRES ON: 8/6/07 AT 2400 HOURS
**CHECK IN AT HOSPITAL DESK:   SIGN_____ TIME:_____
**CHECK IN AT CONTROL:         SIGN_____ TIME:_____
**CHECK IN WITH WING OFFICER

Orig: Housing Officer
Copy: Work/Educ. Supervisor
      Clinic Lay In File

DIRECTIONS: To be RESTRICTED to Wing and Mess Hall. Lay In to be IMMEDIATELY REVOKED and/or CDC-115 issued if the above directions are abused. Innmate will use accrued "E" time for day. If none is available, you will be marked as absent until you return, and will not get good time credit.

Dr. Moody      8/2/07
MTA /SMTA / Physician signature

DATE: 8/2/07   LAY IN   CTF-592   (rev. 4/98)          MEDICAL-PSYCHIATRIC-DENTAL CDC-128-C



**STATE COMPENSATION INSURANCE FUND**

September 20, 2007

IN REPLY REFER TO:

Ronald Shaffer, F-00693
P.O. Box 686
Soledad, CA 93960

Claim Number: 7F-05114944
Injured: Ronald Shaffer, F-00693
Date of Injury: July 19, 2007
Employer: Department of Corrections

## NOTICE REGARDING TEMPORARY DISABILITY BENEFITS

State Compensation Insurance Fund, the claims administrator for Department of Corrections, is handling your workers' compensation claim. This notice is to advise you of the status of temporary disability payments for your workers' compensation left upper arm (shoulder) injury of July 19, 2007.

The Department of Corrections has informed us of the industrial left upper arm (shoulder) injury you sustained on July 19, 2007. We are advising you that liability for this injury has been accepted. While there are no cash benefits due at the present time per Labor Code §3370(a)(3), you are entitled to medical treatment to cure or relieve the effects of the injury, which will be provided to you through your institution's medical unit. If you wish any further information about your benefits while you are incarcerated, you may call your facility's workers' compensation inmate coordinator.

You have up to one year after your release from the institution to request workers' compensation benefits by notifying State Compensation Insurance Fund and/or to file an Application for Adjudication of claim with the Workers' Compensation Appeals Board. The Information and Assistant Officer at the Workers' Compensation Appeals Board may further assist you. You can reach this office by calling (800) 736-7401. In order for workers' compensation benefits to continue, you must meet all the conditions of your parole or your benefits may be terminated. Because the Department of Corrections is legally uninsured, their representatives have access to your workers' compensation file including your address and phone number.

Sincerely

Benefit Section

jmc/8618

cc: Correctional Training Facility   P.O. Box 686   Soledad, CA 93960

