FILED
08 APR 17 PM 1:19
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD A. SHAFFER )
Plaintiff, )
vs. )
BEN CURRY, et al., )
defendants, )

CASE NO. CV08-01130CW

AFFIDAVIT IN SUPPORT OF THE PLAINTIFFS MOTION FOR APPOINTMENT OF COUNSEL

RONALD SHAFFER, the plaintiff in this case states:

1)I am the plaintiff in the above case.I formally make this statement in support of the aforementioned motion.

2)The complaint in this case alleges the plaintiff was subjected to misconduct

3)This is a complex case because it contains several differnt legal claims.

4)This case involves many defendants.

5)The case involves medical issues that may require expert testimony.

6)The plaintiff demands a jury trial.

7)The case will require discovery of documents.

8)The plaintiff has only a high-school education,and has no legal education.

9)As set forth in the memorandum of law submitted with this motion,these facts,along with the legal merit of the plaintiffs claims,support the appointment of counsel to represent the plaintiff.

WHEREFORE,THE PLAINTIFFS MOTION FOR THE APPOINTMENT OF COUNSEL SHOULD BE GRANTED.

RESPECTFULLY SUBMITTED, ,RONALD SHAFFER,PLAINTIFF.

DATE: 4/15/08

# MEMORANDUM OF LAW

STATEMENT OF CASE

This is a civil case filed under 42 U.S.C S.1983,by a state prisoner and asserting claims of misconduct,denial of due process,and denial of medical care for injuries.The plaintiff seeks damages as to all the claims and an injuction to ensure proper medical care as well as a T.R.O to ensure his staying in his current housing unit and facility.

STATEMENT OF FACTS

The court already has the facts on record,and the judge should use the plaintiffs original filing for all facts related in this motion.

ARGUMENT

The court should appoint counsel for the plaintiff.In deciding wether to appoint counsel for an indigent litigant,the court should consider 'THE FACTUAL COMPLEXITY OF THE CASE,THE ABILITY OF THE INDIGENT TO INVESTIGATE THE FACTS,AND THE COMPLEXITY OF THE LEGAL ISSUES." Abdullah v. Gunter,949 F.2d 1032,1035(8th Cir 1991.)Cooper v.A Sargenti Co.,INC.,877 F2d 170,173(2d Cir 1989) Each of those factors weighs in favor of appointing counsel in this case

1) Factual complexity,the plaintiff alleges misconduct,He also asserts that certian prison supervisors wer on notice of the facts and did nothing to intervene.He has challanged the denial of medical care,Finally he claims denial of due process as well as cruel and unusual punishment.The sheer numer of claims and defendants makes this a factually complex case.

2) Plaintiffs abillity to investigate.HE is on "C-STATUS" and on lock down, which limits his ability to investigate.He is in the same situation as an inmate whom has been transferred to a different institution,a factor many courts have cited in appointing counsel.Tucker v. Randall,948 F.2d 388,391-92 (7th Cir.1991)Gaston v.Coughlin,679 F.Supp.270,273(W.D.N.Y.1988)

3)The ability of the indigent to present his claim.The plaintiff is an indigent prisoner with no legal training,a factor that supports the appointment of counsel.Whisenant v. Yuam,739 F.2d 160,163(4th Cir 1984) Rayes v. Johnson,969 F.2d 700,703-04(8th Cir1992)

4)Legal complexity,The large number of defendants,present legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to be held liable.See Abdullah v.gunter,949 F.2d 1032,1036(8th cir.1991)cert.denied,112 S.Ct.1995(1992)

5)Merit of case.The plaintiffs allegations,if proved,clearly would establish a constitutional violation.The allegations of denial of medical care amount to "intentionally interfering with treatment prescribed".Which the supreme court has specifically cited as an example of uncostitutional deliberate indifference to a prisoners medical needs.Estelle v. Gamble,429 U.S.97,105 97 S.Ct.285(1976)The conviction of a disciplinary offense with no evidence, not allowing evidence into a hearing,are all plain violations of due process Ponte v.Real,471 U.S.491,497,105 S.Ct.2192(1985)Superintendant v.Hill,472 U.S.445,457,105 S.Ct.2768(1985),Dyson v.Kocik,689 F.2d 466,467-68,(3d Cir 1982).On its face,then,this is a meritious case.

CONCLUSION

FOR THE FOREGOING REASONS,THE COURT SHOULD GRANT THE PLAINTIFF MOTION AND APPOINT COUNSEL IN THIS CASE

DATE 4/15/08

RONALD SHAFFER

PLAINTIFF.

**DECLARATION OF SERVICE BY MAIL**

**(28 U.S.C. section 1746)**

I, Ronald Shaffer, declare: That I am a resident of the Correctional Training Facility in Soledad, California; I am over the age of eighteen (18) years; I am / am not a party to the attached action; My address is P.O. Box 705, NOSA 334, CTF - North Facility, Soledad, CA 93960-0705; I served the attached document entitled:

Motion for appointment of Counsel
affidavit in support...
Declaration of Service

on the persons/parties specified below by placing a true copy of said document into a sealed envelope with the appropriate postage affixed thereto and surrendering said envelope(s) to the staff of the Correctional Training Facility entrusted with the logging and mailing of inmate legal mail addressed as follows:

Clerk of U.S. District Court for
Northern California
450 Golden Gate ave
Box 36060
San Francisco, Ca 94102

There is First Class mail delivery service by the United States Post Office between the place of mailing and the addresses indicated above. I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct, and I executed this service this 15 day of april, 2008, at the Correctional Training Facility in Soledad, CA.

Declarant