FILED
APR 25 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RECEIVED
08 APR 25 PM
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

Name SHAFFER, RONALD  A.
     (Last)        (First)        (Initial)

Prisoner Number F-00693

Institutional Address C.T.F  NOSA  334L   P.O. BOX 705
SOLEDAD, CA  93960

================================================================

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RONALD A. SHAFFER                    )
(Enter the full name of plaintiff in this action.)  )
                                     )
          vs.                        )   Case No. CV08-1130 CW
                                     )   (To be provided by the clerk of court)
BEN CURRY                            )   AMENDED
                                     )   COMPLAINT UNDER THE
J. RIVERO                            )   CIVIL RIGHTS ACT,
                                     )   42 U.S.C §§ 1983
R. RIES                              )
                                     )
M.R. RAMOS                           )
(Enter the full name of the defendant(s) in this action) )
                                     )

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.    Exhaustion of Administrative Remedies

      [**Note:** You must exhaust your administrative remedies before your claim can go

      forward. The court will dismiss any unexhausted claims.]

      A.    Place of present confinement  CTF, SOLEDAD

      B.    Is there a grievance procedure in this institution?

                  YES (X)       NO ( )

      C.    Did you present the facts in your complaint for review through the grievance

            procedure?

                  YES (X)       NO ( )

      D.    If your answer is YES, list the appeal number and the date and result of the appeal at

COMPLAINT                              - 1 -

each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal _____

_____

_____

2. First formal level_____

_____

_____

3. Second formal level CTF-S-07-04538, possesion of tobacco, reissue, even after violation of due process proven. later found 'not guilty'.

4. Third formal level ctf-s-074541, refusal to work, reissued, found not guilty, even after punished. ctf-07-03821, medical indifference, director level denial, but still in pain with seperated shoulder,

E. Is the last level to which you appealed the highest level of appeal available to you?

YES ( )   NO (X)

F. If you did not present your claim for review through the grievance procedure, explain why. BECAUSE OF THE VALIDITY OF MY CASE, CDCR IS BLOCKING MY APPEALS BY REISSUING THE RULES VIOLATION REPORTS TO COVER UP THE CIVIL RIGHTS VIOLATIONS AND MISCONDUCT. SO I AM UNABLE TO CONTINUE TO HIGHER LEVELS OF APPEALS.

II. Parties

A. Write your name and your present address. Do the same for additional plaintiffs, if any.
RONALD A. SHAFFER F-00693, cTF NOSA 334L
P.O.BOX 705
SOLEDAD, CA 93960

B. Write the full name of each defendant, his or her official position, and his or her place of employment.
ben curry, WARDEN, M.R.RAMOS, &R.RIES, CORRECTIONAL OFFICERS, J.RIVERO, LT.
PLACE OF EMPLOYMENT, CTF, SOLEDAD P.O. BOX 686, SOLEDAD, CA 93960

COMPLAINT                    - 2 -

STATEMENT OF CLAIM

1) Origanally injured in a car crash in 1995, I puleed a muscle & reseperated my left shoulder at work. After complaining of my injury to c/o RAMOS, my supervisor, I was told if I was lying I would receive a CDCR-RVR, & I was made to wait to receive medical attention until after my work shift was over. About an hour later I asked my housing officer for a pass to medical to confirm my injury.

2) On 8/2/07 I reported to work, to give my supervisor my medical lay in. after complainig of pain, I was ordered to go against my medical limitations, I refused because of pain from my still untreated injury, I was taken back to my my yard, and written up. I was dicscriminated against my disabillity, my left shoulder, it appears c/o ramos disregards my safety & fedral guidelines, whereas the cdcr-rvr proves my position.

3) While fighting the rvr, Lt. Rivero placed me in a holding cage because I disaggreed with his violating my due process. He then ordered c/o Ries to take all my personal property & legal materials, leaving me no access to my legal work and denying me my comestics. He continued to tell c/o ries that they would just 'jack up' Mr. SHAFFER's points to get rid of me, thus issuing a rvr for contraband that wasnt in my possesion.

4) Reprisals were initiated by c/o's r.RIES & M.R.RAMOS by issuing false rvrs, and by J.RIVERO by ordering officers to implement misconduct, and by BEN CURRY, CTF's C.E.O. by ignoring his "wards" medical needs and pleas for intervention.

5) In order to establish an 8th amendment violation after incarceration, a prisoner must establish the unnecessary & wanton infliction of pain, mental or physical. Like leaving a prisoner with a seperated shoulder untreated for 9 months. Or reprisals from staff for filing for workers compensation, and seeking adequate medical care.

6) Because of ctf's medical dpt. unprofessionalism and disregard for my injury, in which I suffer in pain on a daily basis, the lack of medical care to date proves medical indifference.

7) The lack of medical care and inconsistances, has left me to seek self medication to alieviate

1 the pain I am constantly in, for which i have received a rvr for.

2

3      RELIEF

4 SINCE THE INITIAL INJURY I HAVE ASKED THAT THE 115's BE REMOVED FROM MY CFILE,TO GET THE

5 PROPER MEDICAL ATTENTION,AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS:1,000,000 jointly

6 and severally against all defendants for the physical & emotional injuries sustained as a direct

7 order to hurt himself,$30,000 jointly & severally against J.RIVERO,R.RIES,&m.r.ramos,for the

8 punishment& emotional injury from the denial of due process in connection with the defendants

9 misconduct in the plaintiff's disciplanary proceeding,$85,000 jointly & severally against

10 B.CURRY & m.r.RAMOS for the physical & emotional injury resulting on the ongoing failure to

11 provide adequate medical care for the plainftiff. Award PUNITIVE DAMAGES in the following

12 amounts;$ 50,000,each against all defendants,$25,000 against J.RIVERO,R.RIES,&M.R.RAMOS,

13 $35,000 each against B.CURRY & M.R.RAMOS.GRANT SUCH OTHER RELIEF AS IT MAY APPEAR THAT THE

14 PLAINTIFF IS ENTITLED.

15

16   I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT,

17 TO THE BEST OF MY KNOWLEDGE.

18     SIGNED THIS DATE: 4/23/08

19                       RONALD SHAFFER

20                       PLAINTIFF

21

22

23

24

25

26

27

28

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:  MAR 1 3 2008

In re:  Ronald Shaffer, F00693
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

IAB Case No.: 0716570          Local Log No.: CTF-07-03821

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner C. Hammond, Staff Services Manager I. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** The appellant states, "On July 19, 07 I injured my shoulder, I have a bone sticking up under my skin, I am in severe pain. Medical has not taken any steps to alleviate my pain and suffering, other than to give me motrin & an MRI, forcing me to seek out relief for my pain and suffering on my own." The appellant requests immediate medical attention for his injury and pain relief.

**II   SECOND LEVEL'S DECISION:** At the First Level of Review (FLR), the appellant was interviewed by M. Nadey, Registered Nurse, at the Correctional Training Facility (CTF), on October 26, 2007. A review of the appellant's Unit Health Record (UHR) indicated he had an orthopedic consultation on October 5, 2007, and a follow-up appointment was ordered in three months. The appeal was granted at the FLR on October 26, 2007. In requesting a Second Level of Review (SLR) on November 2, 2007, the appellant states, "Although I did have a Dr's appointment on 11/1/07, I was 'allegedly' prescribed motrin for my injury. Yet I have yet to receive the medication. I fail to see how motrin is going to help considering I can take 8000 mgs and still be in pain. Is anyone going to correct my injury or do I have to just live with this pain?" At the SLR, the appellant's UHR indicated his prescription for Motrin 800 milligrams, was filled most recently on November 16, 2007. Dr. Pompain, Orthopedic Specialist, provided the appellant instructions for exercises until his pending follow-up appointment in three months. His left shoulder magnetic resonance imaging (MRI) series was completed on October 10, 2007, and the results will be discussed with him during his appointment with the orthopedic surgeon. Dr. Mendez examined the appellant on November 6, 2007, and informed him to continue the exercises recommended by the orthopedic specialist. The appeal was granted at the SLR on November 26, 2007.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A.  FINDINGS:** In requesting a Director's Level of Review (DLR) the appellant states, "Yes, I am still dissatisfied for four reasons, the first, this is a Workers Comp issue, that CDC has accepted liability for, that happened July 19, 07. Yet today, Dec, 6, 07 I still have a two inch piece of bone protruding one inch through my skin, as well as pain and 'popping' I feel not only in my shoulder but also in my neck. Second, on my first level review was answered by the Chief Dental Officer, not even a medical doctor. Third, during this time I was written up for 'refusing to work' with a separated, Category 4 shoulder, and while asking for medical care and intervention from Warden Ben Curry, I've been ignored. Fourth, while it is true I have had scattered Dr.s appointments, all they have done is shuffle me between them, when if I was on the streets, not in prison, my medical issues would have been dealt with on July 19th, not having to wait 5 months in pain every day." The appellant acknowledges he is receiving ibuprofen and Tylenol with codeine for pain; however, he complains the dosage has been reduced by his provider, and he is forced to take his medication via direct observation therapy. The appellant wants his shoulder "fixed in a timely fashion." The appellant's assertions are refuted as he was seen by his CTF providers in a timely manner, he was prescribed appropriate pain medication, he received MRIs, he was given a light duty chrono for 22 days, and he was referred to an orthopedic surgeon for evaluation and treatment. The orthopedic specialist prescribed exercises for the appellant and a scheduled a follow-up in three months. The appellant continues to be seen by his primary care physician (PCP), and his medications are current.

RONALD SHAFFER, F00693
CASE NO. 0716570
PAGE 2

The appellant is reminded the California Code of Regulations, Title 15, Section (CCR) 3354, establishes that only qualified medical personnel shall be permitted to diagnose illness and/or other conditions, and prescribe medical treatment for inmates. It is not appropriate to self-diagnose medical problems and expect a physician to implement the appellant's recommendation for a course of medical treatment. In this particular matter, the appellant's contention that he was not afforded appropriate medical care is not supported by the medical records and professional health care staff familiar with his medical history. After review, there is no compelling evidence that warrants intervention at the DLR, as the appellant is receiving the health care services deemed medically necessary by his PCP, specialists contracted by the Department, and other members of the CTF medical staff.

The appellant filed the appeal as an Americans with Disabilities Act issue. Following careful examination, there is no evidence to support that the issue and its resolution fall within the Armstrong Remedial Plan or CCR 3085. As such, it has been processed in accordance with CCR 3084 et sequitur.

**B. BASIS FOR THE DECISION:**
CCR: 3350, 3350.1, 3350.2, 3354

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:  Warden, CTF
     Health Care Manager, CTF
     Appeals Coordinator, CTF
     Medical Appeals Analyst, CTF