IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD A. SHAFFER,

        Plaintiff,

  v.

BEN CURRY, et al.,

        Defendants.
                             /

No. C 08-01130 CW (PR)

ORDER OF DISMISSAL WITH LEAVE TO AMEND

## INTRODUCTION

Plaintiff Ronald A. Shaffer filed this _pro se_ civil rights action under 42 U.S.C. § 1983 while he was incarcerated at the Correctional Training Facility (CTF) in Soledad, California. Thereafter, he filed an amended complaint. He has been granted leave to proceed _in forma pauperis_.

Venue is proper in this district because the acts complained of occurred at CTF, located in Monterey County, which is within this judicial district. 28 U.S.C. §§ 84(a), 1391(b).

## BACKGROUND

Plaintiff's amended complaint makes various allegations including violations of his Eighth and Fourteenth Amendment rights. He claims that he was originally injured in a car crash in 1995. In 2007, he "puleed [sic] a muscle and reseperated [sic] [his] left shoulder at work during his incarceration at CTF. (Am. Compl. at 3.) He alleges that on August 2, 2007, his due process rights were violated when Defendant CTF Correctional Officer M. R. Ramos falsely charged Plaintiff and found him guilty of a rules violation report (RVR) for refusing to work due to "pain from [his] untreated

injury." (Id.)  Plaintiff further alleges that while he was "fighting" the RVR, Defendant CTF Correctional Lieutenant Rivero placed him in a holding cell.  Defendant Rivero then ordered Defendant CTF Correctional Officer R. Ries to take all Plaintiff's personal property and legal materials.  Plaintiff was also issued a second RVR for possession of contraband that he claims "wasnt [sic] in [his] possession." (Id.)  He further alleges that his Eighth Amendment rights were violated because prison officers refused to treat his injured shoulder for nine months.

He alleges that he was unable to exhaust all available administrative remedies with respect to each of his claims because the "CDCR is blocking [his] appeals by reissuing the rules violation reports to cover up the civil rights violations and misconduct so [he is] unable to continue to higher levels of appeal."[1]  (Am. Compl. at 2.)  He requests injunctive relief and monetary damages.

## DISCUSSION

I.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable

---

[1] Plaintiff contends he filed administrative appeals on the issues in his amended complaint, which have never been answered. It thus appears he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).  If the allegations that his appeals have not been answered are true, however, it may be that administrative remedies are not "available" within the meaning of the statute.  This is an issue better resolved at a later stage of the case.

2

claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

II. Legal Claims

    A.   Due Process Claims

Plaintiff alleges that his due process rights were violated because Defendants Ramos and Ries issued false RVRs.

An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence or causes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 487 (1995). The process due in such a prison disciplinary proceeding includes written notice, time to prepare for the hearing, a written statement of decision, the ability to present witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974). Due process also requires that there be "some evidence" to support the

disciplinary decision. Superintendent v. Hill, 472 U.S. 445, 454 (1985). The Due Process Clause only requires that prisoners be afforded those procedures mandated by Wolff and its progeny; it does not require that a prison comply with its own, more generous procedures. See Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994).

Here, Plaintiff's allegations of false or fabricated charges do not state a constitutional claims under § 1983. To state a cognizable due process claims, Plaintiff must allege that the disciplinary findings lacked any evidentiary basis. See Hill, 472 U.S. at 454. He fails to do so. Accordingly, Plaintiff's due process claims are dismissed with leave to amend.

B.  Eighth Amendment Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he knows

4

that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Here, Plaintiff alleges that he was not given medical treatment for his injured shoulder for nine months. Plaintiff's allegations may amount to a cognizable deliberate indifference claim; however, in order to proceed, he must set forth specific facts linking specific defendants to his allegations. Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. See id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Id.

Plaintiff must allege facts sufficient to show that each Defendant's actions rise to the level of constitutional violations. Therefore, he must allege facts showing what each named Defendant did that violated his constitutional rights. See id.

Plaintiff seems to be alleging that Defendant Warden Ben Curry is liable as a supervisor. If so, Plaintiff must allege that Defendant Curry "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be

liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. A supervisor may be liable for implementing "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

Accordingly, Plaintiff's Eighth Amendment claim is DISMISSED with leave to amend to show how each named Defendant caused the deprivation.

C.   Deprivation of Property Claim

When a prisoner suffers a property loss that is random and unauthorized his remedy lies with the state, as neither the negligent nor intentional deprivation of property states a due process claim under § 1983 under such circumstances. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, for example a state tort action, precludes relief because

it provides adequate procedural due process. <u>King v. Massarweh</u>, 782 F.2d 825, 826 (9th Cir. 1986). If the deprivation is not random and unauthorized, but the result of "established state procedure," the availability of a post-termination tort action does not necessarily provide due process. See <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422, 435-37 (1982). <u>Parratt</u> does not apply where the state has procedures designed to control the actions of state officials and the officials act pursuant to those procedures. <u>See Zimmerman v. City of Oakland</u>, 255 F.3d 734, 738 (9th Cir. 2001). In those instances, the Fourteenth Amendment requires "'an opportunity . . . granted at a meaningful time and in a meaningful manner,' . . . for a hearing appropriate to the nature of the case.'" <u>Logan</u>, 455 U.S. at 437.

Here, Plaintiff claims that he was deprived of access to his property while he was placed in a holding cell. Without more, his allegations do not amount to a constitutional violation. Although he claims he was denied access to his legal materials, he does not claim that he was denied access to the courts. In fact, he was able to file the present complaint. Nor does he make clear that he was permanently deprived of his property. Accordingly, Plaintiff's deprivation of property claim is DISMISSED without prejudice to refiling in state court if his property was permanently taken in a random and unauthorized manner.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's deprivation of property claim is DISMISSED without prejudice.

7

2. Within thirty (30) days from the date of this Order, Plaintiff may file an amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action -- Case No. C 08-1130 CW (PR) -- on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). He may not incorporate material from the original complaint by reference. Plaintiff's failure to file an amended complaint will result in the dismissal of this action without prejudice for failure to prosecute.

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's Orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

Dated: 8/21/09



CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

P:\PRO-SE\CW\CR.08\Shaffer1130.DWLA.wpd    8

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RONALD A SHAFFER,

        Plaintiff,

  v.

BEN CURRY et al,

        Defendant.

Case Number: CV08-01130 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 21, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronald A. Shaffer F00693      w/CR form
Correctional Training Facility
C-OW-109
P.O. Box 689
Soledad, CA 93960

Dated: August 21, 2009

                        Richard W. Wieking, Clerk